IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER BRENNAN,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant, | Civil Action No:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES, Plaintiff CHRISTOPHER BRENNAN ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. ("First Advantage" or the "Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. Plaintiff brings this action under § 1681 *et seq.* of the United States Code, commonly referred to as the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

3. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

4. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28

U.S.C. § 1391b(3) because the Defendant regularly conducts business in this district and has a corporate headquarters in this district.

## PARTIES AND SERVICE

### Plaintiff Christopher Brennan

5. Plaintiff is a resident of Hickman County, Tennessee.

6. At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c).

### Defendant First Advantage Background Services Corp.

7. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 16851a(f) and conducts substantial and regular business activities in this judicial district. First Advantage is headquartered in Atlanta, Georgia, and is registered to do business in the State of Georgia and may be served with process upon its registered agent CORPORATION SERVICE COMPANY at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

8. At all times material hereto, Defendant is a consumer reporting agency who regularly engages in interstate commerce by and through the business of assembling, evaluation, and disbursing information concerning customers for the purpose of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. 1681d.

## FACTUAL ALLEGATIONS

9. In or around April 2024, Plaintiff applied for employment with FXG Vendor Sprinkles Inc (the "Employer").

10. In or around April 2024, Plaintiff was offered employment with the Employer contingent on Plaintiff passing a background check service by Defendant First Advantage.

11. On April 26, 2023, Defendant First Advantage published its background check report on

Plaintiff to the Employer (the "First Report").

12. In its First Report, Defendant First Advantage falsely and erroneously published that Plaintiff had been charged and convicted of three felonies (the "Charges"). The following Charges were erroneously reported to Plaintiff's First Report and did not belong to Plaintiff.

   a. Aggravated statutory rape;

   b. Aggravated statutory rape;

   c. And soliciting sexual exploitation of a minor.

13. Plaintiff is not and has not ever been convicted of these Charges.

14. The individual convicted of the Charges has the same first and last name as Plaintiff, but a different middle name.

15. The individual convicted of the charges was incarcerated in a Florida Department of Corrections facility at the time the First Report was published.

16. Shortly after Defendant First Advantage published the First Report to the Employer, the Employer rescinded its offer of employment to Plaintiff exclusively due to the false or erroneous publication of the Charges on the First Report.

17. Defendant First Advantage falsely and erroneously published another individual's criminal record to Plaintiff's First Report.

18. In or around May 30, 2024, Plaintiff sent a letter to First Advantage disputing the publication of the Charges on Plaintiff's Report by First Advantage.

19. On June 28, 2024, First Advantage provided Plaintiff with an updated report that no longer contained the inaccurate Charges (the "Second Report").

20. Defendant First Advantage, however, did not follow reasonable procedure to assure maximum accuracy in the preparation of Plaintiff's First Report because First Advantage

published the First Report relating to Plaintiff which contained false and erroneous information pertaining to Plaintiff's criminal history.

21. Defendant First Advantage failed to take adequate steps to verify information before First Advantage included it in Plaintiff's consumer report and later published the First Report to users.

22. Due to Defendant First Advantage's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from employment denials, injury to his reputation, exasperation of time to fix the erroneous Report published by First Advantage, undue stress trying to correct the Report, loss of wages, mental anguished and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

23. Defendant First Advantage willfully or negligently failed to comply with its obligation under 15 U.S.C. § 1681e(b)

## FIRST CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

25. This is an action for negligent violation of the FCRA U.S.C. § 1681 *et. seq.*

26. Defendant First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant First Advantage maintained concerning Plaintiff.

27. Defendant First Advantage has negligently failed to comply with the FCRA. The failure of First Advantage to comply with the FCRA include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised First Advantage to delete;

c.  The failure to take adequate steps to verify information First Advantage had reason to believe was inaccurate before including it in the consumer report of the consumer.

28. As a result of the conduct, action and inaction of Defendant First Advantage, Plaintiff suffered damage by loss of employment opportunities; loss of time and money trying to establish that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records; damage to his reputation; undue stress exerted trying to fix the erroneous Report, loss of capacity for enjoyment of life; and the mental and emotional pain, anguish, humiliation, and embarrassment of a false or erroneous background check report.

29. The conduct, action and inaction of Defendant First Advantage was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

30. Plaintiff is entitled to recover reasonable costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## SECOND CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant First Advantage**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

32. This is an action for willful violation of the FCRA U.S.C. § 1681 *et. seq.*

33. Defendant First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant First Advantage maintained concerning

Plaintiff.

34. Defendant First Advantage has willfully failed to comply with the FCRA. The failure of First Advantage to comply with the FCRA include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised First Advantage to delete;

    c. The failure to take adequate steps to verify information First Advantage had reason to believe was inaccurate before including it in the consumer report of the consumer.

35. As a result of the conduct, action and inaction of Defendant First Advantage, Plaintiff suffered damage by loss employment opportunities; loss of time and money trying to establish that the criminal record was reported inaccurately; damage to his reputation; undue stress exerted trying to fix the erroneous Report; loss of sleep; loss of capacity for enjoyment of life; and the mental and emotion pain, anguish, humiliation, anxiety, fear, frustration and embarrassment of a false or erroneous background check report.

36. The conduct, action and inaction of Defendant First Advantage was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

37. Plaintiff is entitled to recover reasonable costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## **DEMAND FOR TRIAL BY JURY**

38. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of

the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant First Advantage;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant First Advantage;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) Defendant First Advantage;

4. Awarding Plaintiff reasonable attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2) from Defendant First Advantage; and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** January 10, 2025

Respectfully submitted

JAFFER & ASSOCIATES PLLC

/s/ *Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 156625
14355 Cogburn Rd
Alpharetta, GA 30004
Tel:   (469) 589-5605
Fax:   (469) 669-0786
Email: national@jaffer.law
***Attorneys for Plaintiff***